UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
Case No.: _____

JOANN THOMAS,                                     )
                                                  )
                    Plaintiff,                    )
                                                  )
v.                                                )
                                                  )
ARCADIA BEAUTY LABS LLC, SALLY                    )
BEAUTY HOLDINGS, INC., SALLY                      )
BEAUTY SUPPLY LLC, SALLY                          )
HOLDINGS, LLC, BEAUTY SYSTEMS                     )
GROUP LLC,                                        )
                                                  )
                    Defendants.                   )

## COMPLAINT

The Plaintiff JOANN THOMAS (the "Plaintiff") sues the Defendants ARCADIA

BEAUTY LABS LLC; SALLY BEAUTY HOLDINGS, INC.; SALLY BEAUTY SUPPLY LLC;

SALLY HOLDINGS, LLC; and BEAUTY SYSTEMS GROUP LLC (the "Defendants") and

alleges:

## JURISDICTION

1.      This is an action for race discrimination and retaliation under 42 U.S.C. § 1981

("1981"). This is also an action for race, color, and retaliation under Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq. ("Title VII"). Plaintiff also brings this

action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). This

action also arises out of Plaintiff's employment relationship with Defendants, including her

discrimination and wrongful termination in violation of the Age Discrimination in Employment

Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"). This action also involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

2.      This Court has jurisdiction of the claim herein pursuant to 42 U.S.C.A. § 2000e-

3.      5(f)(3), 28 U.S.C.A. §§ 1331, 1343(4) and 28 U.S.C. § 2617. This civil action arises under the laws of the United States.

4.      This case also involves instances of wrongful, retaliatory discharge of an

5.      employee in violation of Section 440.205 of the Florida Statutes.

6.      Plaintiff brings this action pursuant to the Florida Civil Rights Act, § 760.10, Fla. Stat. et seq. ("FCRA").

7.      This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

## VENUE

8.      The Defendants are for profit companies doing business in Florida and with offices in Florida, within this judicial district in Duval County, Florida.

9.      Plaintiff is a resident of Duval County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FMLA, Title VII, 1981, the FCRA, ADA, and the ADEA.

10.   At all times material hereto, Defendants were and are engaged in interstate commerce.

11.   The acts or omissions giving rise to this Complaint occurred in whole or in part in Duval County, Florida.

12.   Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendants have a place of business within the district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered, in Duval County, Florida.

**<u>JOINT EMPLOYMENT/ INTEGRATED ENTERPRISE/ AGENCY</u>**

13.   The Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations.  The Defendants are an integrated enterprise under the law.  Alternatively, each company is an enterprise under the law.

14.   The Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies. Defendants are joint employers.  Alternatively, each company is an enterprise under the law.

15.   Each Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of each other.

16.   Defendants interchangeably use their names to control the day-to-day operations of the Defendants and to control the day-to-day work of Plaintiff and those similarly situated individuals.

17.   For instance, the single employee handbook used by all Defendants to apply to all of their employees, include the following companies: Sally Beauty Supply LLC, Sally Beauty

Distribution LLC, Sally Beauty Distribution of Ohio Inc, Sally Beauty de Puerto Rico Inc, Beauty Systems Group LLC, Armstrong McCall LP, Aerial Company Inc, and Arcadia Beauty Labs LLC.

18.     In addition, Sally Beauty Holdings, Inc. was the name of the company responsible for providing worker's compensation benefits to Plaintiff and Sally Beauty Holdings, Inc. issued written reprimands to Plaintiff.

19.      Also, Sally Beauty Supply LLC offered a separation agreement to Plaintiff around the time of her termination.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

20.     Plaintiff is a black, African American woman, over the age of 40.

21.     At all times material, Plaintiff was employed by Defendants as an Order Coordinator and Shipper nearly twenty-five (25) years, from approximately January 29, 1996, until her wrongful termination on November 6, 2020.

22.     Plaintiff performed her work admirably and was revered by her colleagues with whom she worked. All changed after the end of 2019 and the beginning of 2020 when Plaintiff began to complain about a serious medical condition, pain and injuries to her body.

23.     Plaintiff performed her duties in a satisfactory manner and was never written up by the Defendants. All changed after the end of 2019 and the beginning of 2020 when Plaintiff began to complain about a serious medical condition, pain and injuries to her body.

24.     In July 2015, Plaintiff sustained shoulder and neck injuries at work which required that she take approved medical leave in 2015 and 2016.

25.     However, around October of 2019, Plaintiff's injuries reappeared and caused her severe discomfort and required immediate medical attention.

26.     Plaintiff contacted the Defendants' human resources department and requested medical benefits under the worker's compensation laws.

27.     Since then, Defendants began to micromanage Plaintiff's work and Plaintiff stopped receiving positive feedback, even though she had been employed by Defendants for many years and her performance was never an issue.

28.     In response, Plaintiff continued showing up to work and continued doing her work to the best of her abilities since she still was suffering from a serious medical condition that caused her severe discomfort. In addition, Plaintiff requested additional medical treatment under the worker's compensation laws. She went on several visits to her doctors and took time off from work to attend these visits.

29.     Defendants did not like Plaintiff's response illustrated in paragraph 26 and immediately retaliated against Plaintiff by continuing to micromanage her work. When the Defendants retaliated against Plaintiff, they saw her as someone who is disabled, or someone who was regarded as disabled.

30.     Ever since Plaintiff's first complaint in October of 2019, Defendants micromanaged Plaintiff's work on a daily, ongoing basis. This caused stress to Plaintiff who now began feeling that her job was in jeopardy.

31.     On May 1, 2020, in yet another example of retaliation, Defendants disciplined Plaintiff and gave her a verbal warning based on her performance.

32.     On June 23, 2020, Defendants again gave Plaintiff a verbal warning for "substandard work."

33.     On July 2, 2020, Defendants gave Plaintiff a written warning for lack of good performance.

34.     Throughout the summer of 2020, Defendants began replacing black, African American workers for white, Caucasian workers.

35.     Although Plaintiff was eager to get a promotion, she was intentionally passed and not considered for these promotions. Instead, these promotions were freely given to young non-African American workers who were under the age of 40, or who were substantially younger than Plaintiff.

36.     In October 2020, Defendants forced Plaintiff to get rid of a small refrigerator that she had in her office. Plaintiff objected to the Defendants' actions because her white counterparts were allowed to keep their refrigerators. Plaintiff explicitly objected to preferences based on race and color.

37.     On or about November 6, 2020, Defendants communicated to Plaintiff that she was going to be terminated unless she accepted a demotion to a position that required hard work, which was work the Defendants knew Plaintiff could hardly complete due to her precarious physical condition, injuries and disability.

38.     Defendants told Plaintiff "you either take the demotion or take a severance package and leave."

39.     Despite her severe medical condition and disability, and feeling defeated and insulted, Plaintiff accepted the demotion. However, when she attempted to communicate her acceptance to Defendants, Defendants' management avoided Plaintiff for approximately five (5)

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

days and ultimately terminated her alleging that she "never accepted" the offer and instead "disappeared."

40.     Defendants terminated Plaintiff on or about November 11, 2020. The severance package offered to Plaintiff was offered to her so that Plaintiff did not sue the Defendants.

41.     An action with the EEEOC ensued and this lawsuit followed.

42.     All conditions precedent to bringing this action have occurred, been performed or been excused.

43.     The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: RACE & COLOR DISCRIMINATION
### (DISPARATE TREATMENT) – TITLE VII

44.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 19 and 32 – 41 above as if set out in full herein.

45.     At all times pertinent hereto, Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

46.     At all times material, Defendants were each "person" and each an "employer" as defined by 29 U.S.C. § 630.

47.     Plaintiff has complied with all conditions precedent in filing this action, to wit: Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office; more than 180 days have passed since the filing of Plaintiff's

charge of discrimination; Plaintiff received a Right to Sue Notice as to her charge of discrimination on or about the first week of December 2021.

48.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

49.     Plaintiff's race (African American) was a motivating factor that caused Defendants to discriminate against Plaintiff.

50.     Plaintiff's color (black) was a motivating factor that caused Defendants to discriminate against Plaintiff.

51.     Plaintiff sustained emotional suffering and injury attributable to the discrimination.

52.     Defendants acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Issue an order enjoining the Corporate Defendants to cease and desist from the conduct described in Count I of this Complaint and from harassing Plaintiff in any manner whatsoever.

b. Issue an order requiring the Corporate Defendants to take steps to protect Plaintiff and other employees similarly situated from the type of conduct described in Count I of this Complaint, and from all other forms of harassment in the future.

c. Issue an order requiring the Corporate Defendants to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

d. Order reinstatement of Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

e.  Award Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if Plaintiff's employment had not been terminated.

f.  Award Plaintiff compensatory damages for her emotional suffering.

g.  Award Plaintiff punitive damages.

h.  Award Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.  Award Plaintiff costs, interest, and such other relief as this Court may deem proper.

## COUNT II: RACE & COLOR DISCRIMINATION (RETALIATION) – TITLE VII

53.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 19 and 34 – 41 above as if set out in full herein.

54.     At all times pertinent hereto, Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

55.     At all times material hereto, each Defendant was an "employer" as defined by 29 U.S.C. § 630.

56.     Plaintiff has complied with all conditions precedent in filing this action, to wit: Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office; more than 180 days have passed since the filing of Plaintiff's charge of discrimination; Plaintiff received a Right to Sue Notice as to her charge of discrimination on or about the first week of December 2021.

57.     Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

58.     Plaintiff complained about race and color discrimination. As a result, she was terminated.

59.     Plaintiff sustained emotional suffering and injury attributable to her termination and the harassment she endured after she complained of racism to Defendants.

60.     Defendants acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Issue an order enjoining the Corporate Defendants to cease and desist from the conduct described in Count I of this Complaint and from harassing Plaintiff in any manner whatsoever.

b.  Issue an order requiring the Corporate Defendants to take steps to protect Plaintiff and other employees similarly situated from the type of conduct described in Count I of this Complaint, and from all other forms of harassment in the future.

c.  Issue an order requiring the Corporate Defendants to adopt and disseminate a policy protecting employees from harassment in the workplace and establishing reasonable and adequate procedures for investigating complaints of sexual harassment and taking suitable remedial action.

d.  Order reinstatement of Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

e.  Award Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if Plaintiff's employment had not been terminated.

f.  Award Plaintiff compensatory damages for her emotional suffering.

g.  Award Plaintiff punitive damages.

h.  Award Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

i.  Award Plaintiff costs, interest, and such other relief as this Court may deem proper.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                              Facsimile: 888.270.5549

## COUNT III: RACE DISCRIMINATION
## (DISPARATE TREATMENT) – 42 USC 1981

61.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 19 and 32 – 41 above as if set out in full herein.

62.     Plaintiff is a member of a protected class of Black citizens.

63.     At all times relevant, Plaintiff was in a contractual relationship with Defendants within the meaning of 42 U.S.C.A. § 1981, as amended.

64.     During the course of Plaintiff's employment with Defendants, the Defendants have violated Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of his employment contract as is enjoyed by Caucasian or non-Black, African American citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

65.     During the course of Plaintiff's employment with Defendants, Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-Black African American employees of the Defendants.

66.     The Defendants' treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 32 – 41 of this Complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-Black African American citizens, in violation of 42 U.S.C.A. § 1981, as amended.

67.     The Defendants' treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 32- 41, denied Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or non-Black African American citizens, in violation of 42 U.S.C.A. § 1981, as amended.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

68.     Through their actions and treatment of Plaintiff, the Defendants intended to discriminate against Plaintiff on the basis of Plaintiff's race.

69.     During the course of Plaintiff's employment with Defendants, Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race, as more fully described in paragraphs 32 – 41 of this Complaint.

70.     Defendants, at all times, had knowledge of the discriminatory acts and conduct of its management and of all other discriminatory actions described in paragraphs 32 – 41 above.

71.     Despite Defendants' knowledge of the ongoing discrimination, it failed to take remedial action.

72.     As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

73.     Plaintiff has suffered damages of an on-going and continuous nature.

74.     Defendants acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Enter judgment in Plaintiff favor and against the Defendants for its violations of 42 U.S.C.A. § 1981, as amended;

b.  Award Plaintiff actual damages suffered;

c.  Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered;

d.  Award Plaintiff prejudgment interest on his damages award;

e.  Enjoin the Defendants, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

f.  Award Plaintiff punitive damages against the Defendants;

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

g.   Award Plaintiff reasonable costs and attorney's fees; and

h.   Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV: RACE DISCRIMINATION
## (RETALIATION) – 42 USC 1981

75.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 19 and 34 – 41 above as if set out in full herein.

76.   Plaintiff is a member of a protected class of Black citizens.

77.   At all times relevant, Plaintiff was in a contractual relationship with Defendants within the meaning of 42 U.S.C.A. § 1981, as amended.

78.   During the course of Plaintiff's employment with Defendants, the Defendants have violated Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non-Black African American, in violation of 42 U.S.C.A. § 1981(b), as amended.

79.   During the course of Plaintiff's employment with Defendants, Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-Black African American employees of the Defendants.

80.   The Defendants' treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 34 - 41 of this Complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-Black African American citizens, in violation of 42 U.S.C.A. § 1981, as amended.

81.   The Defendants' treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 34 - 41, denied Plaintiff the right to make and enforce contracts as

enjoyed by Caucasian or non-Black African American citizens, in violation of 42 U.S.C.A. § 1981, as amended.

82.     Through their actions and treatment of Plaintiff, the Defendants intended to discriminate against Plaintiff on the basis of Plaintiff's race.

83.     During the course of Plaintiff's employment with Defendants, Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race, as more fully described in paragraphs 34 – 41 of this Complaint.

84.     Defendants, at all times, had knowledge of the discriminatory acts and conduct of its management and of all other discriminatory actions described in paragraphs 34 – 41 above.

85.     Despite Defendants' knowledge of the ongoing discrimination, they failed to take remedial action.

86.     As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

87.     Plaintiff has suffered damages of an on-going and continuous nature.

88.     Defendants acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Enter judgment in Plaintiff favor and against the Defendants for its violations of 42 U.S.C.A. § 1981, as amended;

b.  Award Plaintiff actual damages suffered;

c.  Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered;

d.  Award Plaintiff prejudgment interest on his damages award;

e.  Enjoin the Defendants, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

f.  Award Plaintiff punitive damages;

g.  Award Plaintiff reasonable costs and attorney's fees; and

h.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT V: RETALIATION
## (COERCION, INTIMIDATION, THREAT TO DISCHARGE &TERMINATION)
## FLA STAT SEC. 440.205

89.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 31 and 35 – 41 above as if set out in full herein.

90.    On or about October of 2019, the Plaintiff suffered a work-related injury, namely, symptoms from an earlier accident and injury re-appeared.  The injury happened while Plaintiff was working for the Defendants.

91.    The injury alleged above required medical treatment.

92.    The Plaintiff reported her injuries to the Defendants and requested medical treatment.

93.    In response, Defendants began to micromanage Plaintiff's work.

94.    Plaintiff continued to request worker's compensation benefits on an ongoing basis.

95.    In responses, Defendants began to more and more micromanage Plaintiff's work and began to reprimand Plaintiff.

96.    On or about November 11, 2020, the Defendants fired Plaintiff.

97.     Fla. Stat. § 440.205 states: "No employer shall **discharge**, **threaten to discharge, intimidate, or coerce** any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

98.     Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the intimidation, coercion, threats, and termination of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as Plaintiff was entitled to do.

99.     A motivating factor which caused the Plaintiff's discharge, intimidation, coercion, and threats as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq.  Alternatively, Plaintiff would not have been fired, intimidated, coerced, or threatened but for her claiming worker's compensation benefits as described above.

100.    The Defendants' termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

101.    By reason of Defendants' wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

102.    The Defendants' conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against the Defendants for all back wages from the date of discharge to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

## COUNT VI: FMLA INTERFERENCE
## (FAILURE TO PROVIDE INFORMATION)

103.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 31 and 35 – 41 above as if set out in full herein.

104.     At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

105.    Plaintiff worked for Defendants for at least 12 months before the date any FMLA leave was to begin.

106.    Plaintiff worked for Defendants for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

107.    When Plaintiff reported that her injuries had re-appeared in 2019 and then when Plaintiff continuously visited doctors for medical treatment in 2020, Plaintiff was entitled to FMLA leave because he had an FMLA-qualifying reason.

108.    Specifically, Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of her job.

109.    At all times material, each Defendant was an "employer" as defined by 29 U.S.C. § 2611(4). Alternatively, the Defendants were jointly "employers" under 29 U.S.C. § 2611(4).

110.    Defendants were both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

111.    At all times material, Plaintiff gave proper notice to Defendants by informing Defendants of her qualifying reason.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

112.    Plaintiff provided enough information for Defendants to know that her potential leave may be covered by FMLA.

113.    Defendants were aware of Plaintiff's qualifying reason.

114.    At all times material hereto, Plaintiff communicated with Defendants regarding her medical condition.

115.    Despite their knowledge of Plaintiff's medical condition, Defendants failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave.

116.    Instead of informing Plaintiff of her rights, Defendants terminated Plaintiff.

117.    When Defendants failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave in 2019 and in 2020 was or could be designated as FMLA leave, the Defendants interfered with Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendants for their violations of the FMLA;

b.  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.  Award Plaintiff liquidated damages based on Defendant's conduct;

d.  Award Plaintiff prejudgment interest on his damages award;

e.  Award Plaintiff reasonable costs and attorney's fees;

f.  Award Plaintiff any further relief pursuant to the FMLA; and,

g.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

## COUNT VII: FMLA INTERFERENCE
## (TERMINATION)

118.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 31 and 35 – 41 above as if set out in full herein.

119.    At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

120.    Plaintiff worked for Defendants for at least 12 months before the date any FMLA leave was to begin.

121.    Plaintiff worked for Defendants for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

122.    Plaintiff was entitled to FMLA leave because she had an FMLA-qualifying reason. Specifically, Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of her job.

123.    At all times material, each Defendant was an "employer" as defined by 29 U.S.C. § 2611(4). Alternatively, the Defendants were jointly "employers" under 29 U.S.C.                § 2611(4).

124.    Defendants were engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

125.    At all times material, Plaintiff gave proper notice to Defendants by informing Defendants of her qualifying reason.

126.    Plaintiff provided enough information for Defendants to know that her potential leave may be covered by FMLA.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

127.    Defendants were aware of Plaintiff's qualifying reason.

128.    At all times material hereto, Plaintiff communicated with Defendants regarding her serious medical condition.

129.    Despite its knowledge of Plaintiff's medical condition, Defendants failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave.

130.    Instead of informing Plaintiff of his rights, Defendants terminated Plaintiff.

131.    When Defendants terminated Plaintiff's employment, the Defendants interfered with Plaintiff's rights to take leave under the FMLA and denied her the benefits to which he was entitled.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.    Enter judgment in Plaintiff's favor and against Defendants for their violations of FMLA;

b.    Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.    Award Plaintiff liquidated damages based on Defendants' conduct;

d.    Award Plaintiff prejudgment interest on his damages award;

e.    Award Plaintiff reasonable costs and attorney's fees;

f.    Award Plaintiff any further relief pursuant to the FMLA; and,

g.    Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT VIII: FMLA RETALIATION

132.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 31 and 35 – 41 above as if set out in full herein.

133.    At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

134.    Plaintiff worked for Defendants for at least 12 months before the date any FMLA leave was to begin.

135.    Plaintiff worked for Defendants for at least 1,250 hours during the 12-month period before the date any FMLA leave was to begin.

136.    Plaintiff was entitled to FMLA leave because he had an FMLA-qualifying reason. Specifically, Plaintiff had a serious health condition that prevented Plaintiff from performing the functions of her job.

137.    At all times material, each Defendant was an "employer" as defined by 29 U.S.C. § 2611(4). Alternatively, the Defendants were jointly "employers" under 29 U.S.C.                §2611(4).

138.    Defendants were both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

139.    At all times material, Plaintiff gave proper notice to Defendants by informing Defendants of her qualifying reason.

140.    Plaintiff provided enough information for Defendants to know that her potential leave may be covered by FMLA.

141.    Defendants were aware of Plaintiff's qualifying reason.

142.    At all times material hereto, Plaintiff communicated with Defendants regarding her medical condition.

143.    This communication constituted a request for FMLA leave under the FMLA.

144.    Defendants terminated Plaintiff following her request to take FMLA leave.

145.    Defendants have intentionally engaged in unlawful employment practices in violation of the FMLA, by retaliating against Plaintiff for having taken leave under the FMLA.

146.    Plaintiff's medical leave pursuant to the FMLA was a direct and proximate cause of her termination from her employment with Defendants.

147.    As a direct and proximate result of the intentional violations by Defendants of Plaintiff's rights under the FMLA, by retaliating against her by terminating her employment for having taken FMLA medical leave, Plaintiff has been damaged in that Plaintiff lost, inter alia, wages, other compensation, and benefits, including health insurance.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.    Enter judgment in Plaintiff's favor and against Defendants for its violations of FMLA;

b.    Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c.    Award Plaintiff liquidated damages based on Defendants' conduct;

d.    Award Plaintiff prejudgment interest on his damages award;

e.    Award Plaintiff reasonable costs and attorney's fees;

f.    Award Plaintiff any further relief pursuant to the FMLA; and,

g.    Grant Plaintiff such other and further relief as this Court deems equitable and just.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800         Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

## COUNT IX: DISABILITY DISCRIMINATION
## (DISPARATE TREATMENT) – ADA

148.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 31 and 35 – 41 above as if set out in full herein.

149.    At all times pertinent hereto, Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

150.    At all times material, Defendants were a "person" and an "employer" as defined by 29 U.S.C. § 630; and Fla. Stat. § 760.02.

151.    Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office;

b.  More than 180 days have passed since the filing of Plaintiff's charge of discrimination;

c.  Plaintiff received a Right to Sue Notice as to her charge of discrimination and is filing this complaint within 90 days from receipt.

152.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

153.    Plaintiff was an "employee" of the Defendants as defined by the ADA and applicable Florida law.

154.    Plaintiff sustained injuries to her body in October of 2019. These injuries rendered her disabled, or she was regarded as disabled by the Defendants.

155.    Defendants were aware of Plaintiff's medical condition, including the specific cause for her condition.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

156.    At all times during her employment, Plaintiff was qualified to perform the essential functions of her position with or without reasonable accommodations.

157.    Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment.

158.    Defendants terminated Plaintiff because of her disability or perceived disability, in violation of the ADA.

159.    As a direct and proximate result of the above-described actions of Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

160.    Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

161.    The discriminatory actions of the Defendants were reckless and intentional.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendants for their violations of the ADA;

b.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award Plaintiff prejudgment interest on her damages award;

e.  Award Plaintiff punitive damages;

f.  Award Plaintiff reasonable costs and attorney's fees; and

g.   Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT X: DISABILITY DISCRIMINATION
## (RETALIATION) – ADA

162.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 31 and 35 – 41 above as if set out in full herein.

163.    At all times pertinent hereto, Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

164.    At all times material, Defendants were a "person" and an "employer" as defined by 29 U.S.C. § 630; and Fla. Stat. § 760.02.

165.    Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office;

b.      More than 180 days have passed since the filing of Plaintiff's charge of discrimination;

c.      Plaintiff received a Right to Sue Notice as to her charge of discrimination and is filing this complaint within 90 days of receipt.

166.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

167.    Plaintiff was an "employee" of Defendants as defined by the ADA and applicable Florida law.

168.    When Plaintiff continued to go to work despite the micromanagement and despite being informed that she was going to be demoted, Plaintiff objected to ADA discrimination.

169.    Defendants subsequently terminated Plaintiff.

170.    Defendants' stated actions were motivated by intent to retaliate against Plaintiff for her protected activity under the ADA.

171.    Defendants violated the ADA or acted with reckless disregard for whether their actions were prohibited.

172.    As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered and will continue to suffer, emotional pain and mental anguish.

173.    Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Enter judgment in Plaintiff's favor and against Defendants for their violations of the ADA;

b.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d.  Award Plaintiff liquidated damages based on Defendants' willful and/or reckless conduct;

e.  Award Plaintiff prejudgment interest on her damages award;

f.  Award Plaintiff reasonable costs and attorney's fees; and

g.  Grant Plaintiff such other and further relief as this Court deems equitable and just.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                         Facsimile: 888.270.5549

## COUNT XI: AGE DISCRIMINATION
## (DISPARATE TREATMENT) – ADEA

174.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 19, 33, and 35 – 41 above as if set out in full herein.

175.    At all times pertinent hereto, Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

176.    At all times material, Defendants were a "person" and an "employer" as defined by 29 U.S.C. § 630.

177.    At all times material hereto, Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. § 630 (f).

178.    Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office;

b.  More than 180 days have passed since the filing of Plaintiff's charge of discrimination;

c.  Plaintiff received a Right to Sue Notice as to her charge of discrimination and is filing this complaint within 90 days of receipt.

179.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

180.    At all times material to this action, Defendants engaged in unlawful discrimination against Plaintiff due to her age, in violation of the ADEA.

181.    Plaintiff is over 40 years old and is within a protected class.

182.    Plaintiff was qualified to perform her job.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800        Telephone: 305.503.5131
Aventura, Florida 33180                Facsimile: 888.270.5549

183.     Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating Plaintiff differently than similarly situated younger employees in the terms and conditions of her employment by, *inter alia*, giving promotions to younger employees and denying promotions to Plaintiff. Also, by terminating Plaintiff due to her age.

184.     The effect of the discriminatory practices of the Defendants has been to deprive Plaintiff of equal employment opportunities, specifically her employment and promotions, because of her age.

185.     As a direct and proximate result of the intentional violations by Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendants' conduct.

**WHEREFORE** Plaintiff requests that this Honorable Court:

a.   Enter judgment in Plaintiff's favor and against the Defendants for their violations of the ADEA;

b.   Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c.   Award Plaintiff back pay, liquidated damages, interest, front pay (or reinstatement), and any other damages allowed under the ADEA;

d.   Award Plaintiff prejudgment interest on her damages award;

e.   Award Plaintiff reasonable costs and attorney's fees; and

f.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800         Telephone: 305.503.5131
Aventura, Florida 33180                 Facsimile: 888.270.5549

## COUNT XII: RACE & COLOR DISCRIMINATION
## (DISPARATE TREATMENT) – FCRA

186.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 19 and 32 – 41 above as if set out in full herein.

187.    At all times pertinent hereto, Defendants were engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

188.    At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

189.    At all times material, Defendants were a "person" and an "employer" as defined by Fla. Stat. § 760.02.

190.    Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office; and

b.    More than 180 days have passed since the filing of Plaintiff's charge of discrimination.

191.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

192.    At all times material hereto, the Defendants failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's **race, color**, religion, sex, national origin, age, handicap, or marital status."

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

193.    Plaintiff is a member of protected classes of Black African American citizens.

194.    Plaintiff was subjected to the conduct referred to in this Complaint because he is Black African American.

195.    Similarly situated employees who are not Black African American were not subjected to the discriminatory conduct described in the Complaint.

196.    Plaintiff was and is qualified for her position while working for the Defendants.

197.    The Defendants violated the Florida Civil Rights Act by discriminating against Plaintiff because of her race and color in the terms, conditions, and privileges of his employment.

198.    As a direct and proximate result of the Defendants' intentional conduct, Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

199.    Any alleged nondiscriminatory reason for this treatment of Plaintiff by the Defendants is a mere pretext for the actual reason for discriminating against him based on her race and color.

200.    The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

201.    The aforementioned actions of the Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

d.  Order the Defendants to make Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  For a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.  Grant Plaintiff costs of this action, including reasonable attorney's fees;

h.  Grant such other and further relief as the Court deems just and proper.

## COUNT XIII: RACE & COLOR DISCRIMINATION (RETALIATION) – FCRA

202.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 19 and 32 – 41 above as if set out in full herein.

203.    At all times pertinent hereto, Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

204.    At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

205.    At all times material, Defendants were a "person" and an "employer" as defined by Fla. Stat. § 760.02.

206.    Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office; and

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

b.   More than 180 days have passed since the filing of Plaintiff's charge of discrimination.

207.   Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

208.   At all times material hereto, the Defendants failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.   § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's **race, color**, religion, sex, national origin, age, handicap, or marital status."

209.   Plaintiff is a member of protected classes of Black African American citizens.

210.   During the course of Plaintiff's employment with the Defendants, Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race and color, as more fully described in this Complaint.

211.   Plaintiff complained about race and color discrimination. As a result, she was terminated.

212.   Plaintiff sustained emotional suffering and injury attributable to her termination and the harassment she endured after she complained of racism to Defendants.

213.   The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat.   § 760.10.

214.   The aforementioned actions of the Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and color.

d.  Order the Defendants to make Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  For a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.  Grant Plaintiff costs of this action, including reasonable attorney's fees;

h.  Grant such other and further relief as the Court deems just and proper.

## COUNT XIV: HANDICAP DISCRIMINATION
## (DISPARATE TREATMENT) – FCRA

215.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 31 and 35 – 41 above as if set out in full herein.

216.    At all times pertinent hereto, Defendants were engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

217.    At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

218.    At all times material, Defendants were a "person" and an "employer" as defined by Fla. Stat. § 760.02.

219.    Plaintiff has complied with all conditions precedent in filing this action, to wit:

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

a. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office; and

b. More than 180 days have passed since the filing of Plaintiff's charge of discrimination.

220.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

221.    At all times material hereto, the Defendants failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, **handicap**, or marital status."

222.    At all times relevant, Plaintiff was handicapped or was regarded as handicapped by the Defendants.

223.    Plaintiff was subjected to the conduct referred to in this Complaint because he is handicapped or regarded as being handicapped.

224.    Similarly situated employees who are not handicapped were not subjected to the discriminatory conduct described in the Complaint.

225.    Plaintiff was and is qualified for her position while working for the Defendants.

226.    The Defendants violated the Florida Civil Rights Act by discriminating against Plaintiff because of her handicap or perceived handicap in the terms, conditions, and privileges of her employment.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800            Telephone: 305.503.5131
Aventura, Florida 33180                              Facsimile: 888.270.5549

227.     As a direct and proximate result of the Defendants' intentional conduct, Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

228.     Any alleged nondiscriminatory reason for this treatment of Plaintiff by the Defendants is a mere pretext for the actual reason for discriminating against him based on her race and color.

229.     The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

230.     The aforementioned actions of the Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of handicap.

d.  Order the Defendants to make Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  For a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g.  Grant Plaintiff costs of this action, including reasonable attorney's fees;

h.  Grant such other and further relief as the Court deems just and proper.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

## COUNT XV: HANDICAP DISCRIMINATION
## (RETALIATION) – FCRA

231.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 – 31 and 35 – 41 above as if set out in full herein.

232.    At all times pertinent hereto, Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

233.    At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

234.    At all times material, Defendants were a "person" and an "employer" as defined by Fla. Stat. § 760.02.

235.    Plaintiff has complied with all conditions precedent in filing this action, to wit:

a.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, Miami District Office; and

b.    More than 180 days have passed since the filing of Plaintiff's charge of discrimination.

236.    Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

237.    At all times material hereto, the Defendants failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat.  § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, **handicap**, or marital status."

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

238.    Plaintiff, at all times relevant, was handicapped or regarded as handicapped.

239.    During the course of Plaintiff's employment with the Defendants, Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her handicap or her perceived handicap, as more fully described in this Complaint.

240.    When Plaintiff continued to go to work despite the micromanagement and despite being informed that she was going to be demoted, Plaintiff objected to handicap discrimination.

241.    As a result, the Defendants terminated Plaintiff.

242.    The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

243.    The aforementioned actions of the Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis handicap or perceived handicap.

d. Order the Defendants to make Plaintiff whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. For a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g. Grant Plaintiff costs of this action, including reasonable attorney's fees;

h. Grant such other and further relief as the Court deems just and proper.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

**<u>JURY TRIAL DEMAND</u>**

Plaintiff demands trial by jury of all issues so triable as of right.


Dated: February 21, 2022.

Respectfully submitted,

By:  /s/ Tanesha W. Blye
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*